| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | closed |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 11-3565-JFW (JCx)** | Date: February 27, 2012 |
|---|---|---|

Title:   Douglas Phelps -v- RSI Enterprises, Inc.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**  
None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF DOUGLAS PHELPS WITH ATTORNEY'S FEES IN THE AMOUNT OF $5,813.00

On November 22, 2011, Plaintiff Douglas Phelps ("Plaintiff") filed a Motion for Attorneys' Fees and Costs ("Motion"). On December 12, 2011, RSI Enterprises, Inc. ("Defendant") filed its Opposition. On December 23, 2011, Plaintiff filed a Reply. On January 3, 2012, the Court issued an order granting Plaintiff's Motion, and ordered the parties to meet and confer to resolve any disputes regarding the amount of reasonable attorney's fees that should be awarded to Plaintiff, and submit a joint statement to the Court if they could not resolve their disputes. The parties failed to reach an agreement during the meet and confer process, and on February 20, 2012, they filed their Joint Statement Regarding Plaintiff's Motion for Attorneys' Fees and Costs ("Joint Report").

**I.   Discussion**

In this case, the parties were unable to reach any agreements during the meet and confer process, and, therefore, the Court must determine the amount of attorney's fees that should be awarded to Plaintiff. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This equation is commonly referred to as the "lodestar." *See, Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). The prevailing rate in the community is indicative of the reasonable hourly rate for purposes of calculating attorney's fees using the lodestar method. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). The fee applicant also "bears the burden of

documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (quoting *Hensley*, 461 U.S. at 433). In making its reasonableness determination, the district court has considerable discretion to adjust the lodestar upward or downward on the basis of the twelve factors set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), some of which are subsumed into the initial lodestar calculation.[1] *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996). In addition, "[i]f opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

In this case, the Court agrees with Defendant's objections set forth in the summary table and declines to award any fees incurred by Teamor on April 6, 2011, June 2, 2011, August 24, 2011, September 12, 2011, and September 20, 2011; by Addy on July 5, 2011, August 26, 2011, and September 22, 2011; and by Adkins on August 26, 2011. The Court overrules the balance of Defendant's objections and awards attorney's fees of $5,813.00. With respect to recovering his costs, Plaintiff shall file an Application to the Clerk of the Court to Tax Costs pursuant to Local Rule 54-3.

## II.    Conclusion

Based on the foregoing, the Court finds that Plaintiff is entitled to recover attorney's fees in the amount of $ 5,813.00.

IT IS SO ORDERED.

---

[1] These "subsumed factors" include (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) *the results obtained*; and (5) the contingent nature of the fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). In the Ninth Circuit, the favored approach is to adjust the lodestar on the basis of the subsumed reasonableness factors *before* calculating the lodestar. *Id.*